IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANDRE D. WALTON, # 12654-054 *
                                               * Civil Action No. JKB-13-1917
Petitioner *
    *
v *
    *
WARDEN TIMOTHY STEWARD, *
COMMISSIONER BRIAN FISHER, *
JUSTICE P. NUNEZ *
    *
Respondents *
                                               ***

## MEMORANDUM

Before the court is self-represented petitioner Andre D. Walton's petition for writ of habeas corpus under 28 U.S.C. § 2254. Walton, who is incarcerated at the Federal Correctional Institution in Cumberland, Maryland, has paid the filing fee and is challenging his state convictions and sentences imposed on July 5, 2012, by the Supreme Court of the State of New York.[1]

The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b). In this

---

[1] Walton signed and dated the petition June 24, 2013. It was received for filing on June 27, 2013. Electronically accessed records indicate Walton admitted to violating conditions of release and his supervised release was revoked on July 30, 2012, in the United States District Court for the Southern District of New York. *See United States v. Walton*, 1-09-cr-503-RJS (S.D. NY). Walton had been serving a federal sentence of twenty-four months for producing and trafficking a counterfeit device in violation of 18 U.S.C. § 1029, and which was to run consecutively to his undischarged state sentences. *See id.* https://ecf.nysd.uscourts.gov/cgi-bin/DktRpt.pl?538653386754529-L_452_0-1.

case, because Walton is challenging a New York state conviction, the proper venue for this case is in the United States District Court for the Southern District of New York. In light of the one-year limitations period for § 2254 proceedings, this case will be transferred to that district for all proceedings as may be appropriate. To the extent a ruling on a certificate of appealability may be required under Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the court finds no grounds for issuance. A separate order follows.

July 30, 2013
Date

James K. Bredar
United States District Judge